# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

WRIGHT CONSTRUCTION  
SERVICES, UNC., et al.,

        Plaintiffs,

vs.

LIBERTY MUTUAL INSURANCE  
COMPANY, et al.,

        Defendants.

Cause No. 4:18CV483 HEA

## **OPINION, MEMORANDUM AND ORDER**

This removed matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 25]. For the following reasons, the Motion will be granted. The Court concludes that it lacks subject matter jurisdiction. The matter will be remanded to state court.

### Background

Plaintiffs filed suit in the Circuit Court of St. Charles County, Missouri, on February 6, 2018. The Petition sets forth eight counts as follows: Count I against Liberty for Breach of Indemnity Agreement; Count II against Liberty for Breach of Covenant of Good Faith and Fair Dealing (General Agreement of Indemnity); Count III against Liberty for Breach of Performance Bond; Count IV against

Liberty for Breach of Covenant of Good Faith and Fair Dealing (Performance Bond); Count V against Liberty for Tortious Interference with Business Expectancy; Count VI against Liberty and St. Charles for Negligence; Count VII against Liberty for Fraudulent Misrepresentation; and Count VIII against Liberty for Negligent Misrepresentation. In Count VI of Plaintiffs' Petition, Plaintiffs allege Defendant Saint Charles Insurance Agency, ("SCIA"), (as well as Liberty Mutual) was negligent in failing to communicate to Wright Construction that the State of North Carolina required all general contractors to be licensed in North Carolina prior to entering into North Carolina construction contracts. Plaintiffs allege that this conduct was below the applicable standard of care for a broker.

Defendant Liberty filed its Notice of Removal on March 30, 2018, based on the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. Although SCIA and Plaintiffs share the same citizenship, (both are citizens of Missouri), Liberty claims that SCIA was not properly joined and therefore should not be considered for the purposes of removal, under the doctrine of fraudulent joinder.

Plaintiffs filed a motion to remand on the basis that this Court does not have subject matter jurisdiction over this matter because there is not complete diversity as SCIA is a Missouri citizen and is not fraudulently joined.

## Discussion

Liberty argues that SCIA was fraudulently joined because Plaintiffs failed to state a colorable claim against SCIA in the petition. The Court disagrees for the following reasons.

Federal district courts have original jurisdiction over all civil actions which are "between citizens of different States and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. The party seeking the federal forum based on diversity has the burden of pleading diversity of the citizenship of the parties. *Walker v. Norwest Corp.,* 108 F.3d 158, 161 (8th Cir. 1997). The burden of establishing diversity jurisdiction is by a preponderance of the evidence. *Sheehan v. Gustafson,* 967 F.2d 1214, 1215 (8th Cir. 1992); *Yeldell v. Tutt,* 913 F.2d 533, 537 (8th Cir. 1990); *Russell v. New Amsterdam Cas. Co.,* 325 F.2d 996, 997 (8th Cir. 1964).

The court in *Iowa Public Service Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977) held, in regard to diversity that:

> [I]n a case where there are plural plaintiffs and plural defendants a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants.... [I]f the "nondiverse" plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction.

556 F.2d 400, 403–404 (8th Cir. 1977) (internal citations omitted).

Fraudulent joinder of a non-diverse party does not prevent removal. *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983). *See also, BP*

*Chemicals Ltd. v. Jiangsu Sopo Corp,* 285 F.3d 677, 685 (8th Cir. 2002) (holding that a defendant's right of removal based on diversity of citizenship may not be defeated by fraudulently joining a non-diverse party). The Eighth Circuit holds that "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law" to support a claim against the defendant whose joinder would preclude removal. *Wiles v. Capitol Indem, Corp.,* 280 F.3d 868, 871 (8th Cir. 2002). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Filla v. Norfolk Southern Ry. Co.,* 336 F.3d 806, 810 (8th Cir. 2003).

Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Public Service Co.*, 556 F.2d at 406 (emphasis added). However, if there is a "colorable" cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. *See Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc.,* 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000). *Id.*

Upon "determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved... [a] district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla,* 336 F.3d at 811 (*citing Fields v. Pool Offshore, Inc.,* 182 F.3d 353, 357 (5th Cir. 1999)).

A party opposing removal may file a motion to remand to State court. 28 U.S.C. § 1447(c). The party removing and opposing remand has the burden of establishing federal jurisdiction. *Iowa Lamb Corp. v. Kalene Indus., Inc.,* 871 F.3d 1149, 1154 (8th Cir. 1994); *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 182 (8th Cir. 1983 (per curiam). Upon considering a motion to remand, a district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Business Men's Assurance,* 992 F.2d at 182 (*citing Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3rd Cir. 1987)). *See also, Transit Cas. Co v. Certain Underwriters at Lloyds of London,* 119 F.3d 619, 625 (8th Cir. 1997).

Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the notice for removal is filed. *Knudson v. Systems Painters, Inc.,* 634 F.3d 968, 975 (8th Cir. 2011). A defendant seeking removal on the basis of fraudulent joinder bears the burden of proving "that the plaintiff's claim against the diversity-destroying

5

defendant has 'no reasonable basis in fact and law.' " *Id.* at 980 (quoting *Filla*, 336 F.3d at 810). Under this standard, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (emphasis added). Joinder of the diversity-destroying defendant is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811.

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.
> *Id.* at 811 (citations omitted). The Eighth Circuit instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question ... but simply to remand the case and leave the question for the state courts to decide.'"

*Filla*, 336, F.3d at 810.

The Eighth Circuit has further instructed that in ruling on the issue of fraudulent joinder, a district court does not have the power to decide the merits of a case. *Id.* "[T]he Court resolves all facts and ambiguities in the controlling substantive law in the plaintiffs' favor and has no responsibility to definitively

6

settle the ambiguous question of state law." *Orrick v. SmithKline Beecham Corp.*, 2014 WL 3956547, at *3 (E.D. Mo. Aug. 13, 2014) (citing *Filla*, 336 F.3d at 811).

Here, the Petition alleges that SCIA negligently failed to advise Plaintiffs of the requirement that contractors must first obtain a license in North Carolina. Plaintiffs claim that they can bring their action against SCIA based on a theory of breaches of "special" or "expanded" duties of an insurance broker. The Missouri Supreme Court, in *Emerson Elec. Co. v. Marsh & McLennan Companies*, 362 S.W.3d, 7 ((Mo. 2012) recognized that the

> nature of a broker's duty may vary depending on the relationship of the parties and any agreement between them.
>
> This is in accord with the *Restatement (Third) of Agency*, which states: Subject to any agreement with the principal, an agent has a duty to the principal to act with the care, competence, and diligence normally exercised by agents in similar circumstances. Special skills or knowledge possessed by an agent are circumstances to be taken into account in determining whether the agent acted with due care and diligence. If an agent claims to possess special skills or knowledge, the agent has a duty to the principal to act with the care, competence, and diligence normally exercised by agents with such skills or knowledge.

*Id.* (Internal citations omitted).

The Court finds that Liberty has not established it is *clear* under governing state law that the Petition does not state a cause of action against SCIA, and that there is no reasonable basis in fact and law for any of the claims. Plaintiffs have alleged facts regarding the long standing relationship between SCIA and Plaintiffs,

7

the commitment of SCIA to advising, counseling, and assisting Wright Construction in its efforts to grow outside of Missouri.  Whether these allegations can be proven is an issue that must be left to the state court.  The Court will be guided by the Eighth Circuit's counsel that "the better practice is for the federal court not to decide the doubtful question...but simply to remand the case and leave the question for the state courts to decide." *Filla*, 336 F.3d at 811 (quoted case omitted); *see also Gorsuch v. Formtek Metal Forming, Inc.*, 803 F.Supp.2d 1016, 1021–24 (E.D. Mo. 2011).  This action, therefore, is not removable on its face because it presents no federal question, and defendant SCIA is a Missouri citizen.

## Conclusion

Based upon the foregoing analysis, Plaintiffs' Motion to Remand will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [Doc. No 25], is **GRANTED**.

Dated this 17th day of July, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE